Henry J. Latham, J.
In an article 78 proceeding to set aside a determination made by the State Civil Service Commission affirming a determination of the Acting Director of Pilgrim State Hospital suspending the petitioner, without pay, for alleged misconduct, the respondents move to dismiss the petition on the ground of legal insufficiency. (See Civ. Prac. Act, § 1293; Matter of Schwab v. McElligott, 282 N. Y. 182.)
The petition in substance alleges that Joseph Manzi was a competitive employee of the State of New York with permanent status and held the position of staff attendant at Pilgrim State Hospital. He was charged with misconduct and suspended, without pay, after a disciplinary trial at which the Acting Director of the hospital was the hearing officer. The hearing officer was not authorized in writing, as required by section 75 of the Civil Service Law, to conduct the hearing. He had no legal authority to render the verdict and the imposition of a fine in excess of $100 was contrary to the provisions of section 75 of the Civil Service Law. On appeal to the State Civil Service Commission, this determination was affirmed.
The respondents argue that subdivision 3 of section 76 of the Civil Service Law provides in pertinent part that ‘ ‘ The decision of such civil service commission shall be final and conclusive, and not subject to further review in any court ” and, therefore, the petitioner is precluded from bringing on the instant article 78 proceeding. ___ _____ .
*469 The petitioner argues that the prohibition concerning judicial review embodied in subdivision 3 of section 76 of the Civil Service Law does not preclude judicial review if the determination of such commission was arbitrary.
The courts have consistently held that phrases embodied in statutes, such as “take final action” (Matter of Merritt v. Swope, 43 N. Y. S. 2d 902, affd. 267 App. Div. 519), or “ shall be conclusive in any suit, action or proceeding ” (Davidson v. City of Elmira, 180 Misc. 1052, 1053, affd. 267 App. Div. 797), or “ shall be final and conclusive not subject to review by any court ” (Matter of Levitch v. Board of Educ., 243 N. Y. 373; People ex rel. Miller v. Peck, 73 App. Div. 89, 93), did not preclude judicial review of determinations made pursuant to such statutes, if they were arbitrary. The court is of the opinion that the same construction should be placed on subdivision 3 of section 76 of the Civil Service Law.
Inasmuch as this is a motion to dismiss the petition, the facts contained in such petition must be deemed true. (Matter of Schwab v. McElligott, supra.) Thus, the allegations that the State Civil Service Commission affirmed the determination of the local authority which acted in violation of section 75 of the Civil Service Law would be sufficient to indicate that the action by the State Civil Service Commission was arbitrary and, therefore, subject to judicial review. (Matter of Ross v. Wilson, 308 N. Y. 605.) Accordingly, the motion to dismiss the petition is denied.