Emilio Nunez, J.
Petitioner moves for review and annulment of the order of the respondents, which affirmed the determination of the Department of Public Works of the City of New York. Respondents urge that the court is without jurisdiction. The contention is based on the provisions of subdivision 3 of section 76 of the Civil Service Law, which provides that the determination on appeal to the Civil Service Commission is final and conclusive and not subject to further review by the court. It was so held in Matter of Wallheimer (N. Y. L. J., Jan. 30, 1962, p. 12, col. 8). Petitioner relies on a contrary determination in Matter of Manzi v. Kaplan (34 Misc 2d 468) holding that judicial review is not precluded if the determination is arbitrary. There, the court relied on Matter of Levitch v. Board of Educ. (243 N. Y. 373); Matter of Merritt (267 App. Div. 519) *386 and Davidson v. City of Elmira (180 Misc. 1052). The authorities relied on do not .support the conclusion there reached.
In Matter of Levitch (supra) a removed teacher had taken an appeal to the Commissioner of Education and, Under the provisions of section 890 of the Education Law, the determination on appeal was held to be final and conclusive.
In Matter of Merritt (supra) the soundness of the determination was not reviewed, but it was set aside upon the ground that petitioner had not received a hearing of the character contemplated by the statute.
In Davidson (supra) review was also denied because of the final and binding character of the determination.
The motion is denied and the petition is dismissed.