Michael Catalano, J.
Respondents move for an order pursuant to subdivision (f) of section 7804 of the Civil Practice Law and Rules dismissing the petition for legal insufficiency because petitioners have not been aggrieved by a penalty or punishment of demotion in or dismissal from the service, or suspension without pay for a period exceeding 10 days, or a fine of over $50.
The petition states that the petitioners are permanent appointees, competitive class, Fire Department, City of Tonawanda, five of whom are veterans of the United States armed forces; that charges made against petitioners for refusing to obey orders of their supervisors in refusing to paint “ the National Hose Company Quarters ” and “ truck room; ” that a hearing was held where the only witness for respondents admitted that orders to paint had never been given in 20 years in that department, and money had been allocated in the city budget to have this duty performed by an outside agent, and petitioners were victims of bad advice; that petitioners, who are members of an organized labor union recognized by respondents, did paint the “ entire firehouse,” but refused to paint when a painter’s picket line formed outside the firehouse; that “evidence was produced by your petitioners from labor leaders in the City of Tónawanda showing the high rate of unemployment in the area ¡and the terrific pressure, social and otherwise which would have been brought to bear on your petitioners had they continried painting in the face of the picket line; ’ ’ that on September 10,1963, the Common Council of Tonawanda suspended petitioners without pay for 10 days; that the hearing officer who had presided at the hearing recommended dismissal of all said charges; that respondents’ determination was “ arbitrary, unreasonable, unlawful.”
Section 7804 of the Civil Practice Law and Rules states the procedure in an article 78 proceeding against a body or officer and subdivision (g) thereof provides, in part: “ Where an *507 issue specified in question four of section 7803 is not raised, the court in which the proceeding is commenced shall itself dispose of the issues in the proceeding. Where such an issue is raised, the court shall make an order directing that the proceeding be transferred for disposition to a term of the appellate division held within the judicial department embracing the county in which the proceeding was commenced; the court may, however, itself pass on objections in point of law. WTien the proceeding comes before it, whether by appeal or transfer, the appellate division shall dispose of all issues in the proceeding, or, if the papers are insufficient, it may remit the proceeding.”
Section 7803 of the Civil Practice Law and Buies, entitled ‘1 Questions raised, ’ ’ provides, in part:
‘ ‘ The only questions that may be raised in a proceeding under this article are: * * *
‘ ‘ 4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.5 ’
In an article 78 proceeding, Special Term has the power to pass on questions of law as to whether an administrative body acted arbitrarily, capriciously or without any legal basis. (Matter of United States Tube Co. v. Feinberg, 7 A D 2d 591, 595.) It would be erroneous to transfer such questions to the Appellate Division (Matter of De Perno v. Dulan, 11 A D 2d 1092 [4th Dept.]), especially prior to the raising of issues by answer to the petition. (Matter of McElroy v. McAndrews, 10 AD 2d 852.)
Bespondents contend that ‘ ‘ the time of the Supreme Court should not be wasted supervising every minor disagreement between Civil Service employees and employers,” then cite section 76 of the Civil Service Law, entitled “ Appeals from determinations in disciplinary proceedings,” subdivision 1, “ Appeals,” providing, in part: “ Any officer or employee believing himself aggrieved by a penalty or punishment of demotion in or dismissal from the service, or suspension without pay for a period exceeding ten days, or a fine of over fifty dollars, imposed pursuant to the provisions of section seventy-five of this chapter, may appeal from such determination either by an application to the state or municipal commission having jurisdiction, or by an application to the court in accordance with the provisions of article seventy-eight of the civil practice law and rules.” (L. 1962, eh. 310, § 68.)
*508 Sections 76 and 75 of the Civil Service Law are in pari materia and should be construed together.
Section 75 of the Civil Service Law, entitled “ Removal and other disciplinary action,” provides, in part: “ 1. Removal or disciplinary action. A person * * * shall not be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section.”
Misconduct and insubordination implies intentional, willful disobedience. (Matter of Griffin v. Thompson, 202 IST. Y. 104, 113.) The hearing is not a mere form to precede a predetermined disciplinary penalty, but shall be fair, impartial and free from prejudicial legal errors. (People ex rel. Packwood v. Riley, 232 N. Y. 283, 286.) The decision itself of the Common Council may not ¡be “purely arbitrary,” (Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127, 136; Matter of Ross v. Wilson, 308 N. Y. 605, 617) nor a mere whim or caprice or subterfuge based on bias, but must be of substance relating to the neglect of duty in the particular position. (People ex rel. Van Tine v. Purdy, 221 N. Y. 396, 399; People ex rel. Long v. Whitney, 143 App. Div. 17, 21.)
When a hearing is held pursuant to section 75 of the Civil Service Law, it shall meet the tests of being proper in all respects above stated. If so found, the determination to be reviewed shall meet the tests stated in section 76.
Here, the petitioners’ statements that respondents’ determination was arbitrary, unreasonable and unlawful are deemed true in this motion to dismiss. Therefore, it may not be dismissed, regardless of whether or not the suspension was without pay for a period of 10 days.
Certainly the Council may not arbitrarily impose a penalty or punishment of demotion, dismissal, suspension or fine no matter how temporary or modest. Otherwise, the public service would be reduced to public slavery, for the reductio ad absurdum of respondents’ argument is that respondent Council would be permitted to suspend an employee without pay as often as it would, provided that each suspension be only 10 days or less, without adequate appeal permitted to the aggrieved employee. Surely, the Legislature did not intend such a monstrous doctrine.
Motion denied, without costs. (See Matter of Manzi v. Kaplan, 34 Misc 2d 468, 469.)