Jack Stanislaw, J.
This article 78 proceeding is brought to revoke and annul the decision of respondent, dismissing petitioner from her position as a permanent nurses’ aide at the Suffolk County Infirmary, which position entitled her to all of the rights and privileges provided for under the Civil Service Law of the State of New York. Petitioner’s discharge was based upon her commission of an act of alleged insubordination, in that she failed to obey an order of the superintendent of the infirmary (where she had been employed for approximately six years), which order directed her to return to work on December 19,1967.
The facts and circumstances surrounding her dismissal are as follows: Petitioner telephoned her employer on December 6, 1967; to report that she was ill, that her attending physician instructed her to remain at home for a period of approximately six weeks and, in accordance with her doctor’s instructions, requested a six weeks’ leave of absence without pay. Although employees in her category are allowed 13 days’ sick leave each year, she had, on previous occasions, used most of her time, leaving only 2 days sick leave available. Petitioner furnished her employer with a doctor’s note, dated December 5, 1967, stating that she was ill and under his care. On December 8, 1967, she was informed by telephone that her request for a leave of absence was denied. By letter dated December 15, 1967, she was instructed by the superintendent of the infirmary to report for work on December 19, 1967, that her failure to do so would be considered insubordination, and that if she did not report for work on that date her employment would be terminated. By letter dated January 2, 1968, she was advised as follows: “It is my duty to inform you that this Department has decided to terminate your services as a result of your failure to report for work as you were so ordered by Mr. John Shea, Superintendent of the Suffolk Home Infirmary, in a letter dated December 15, 1967. This letter indicated that you were to appear for work as of the start of your shift on December 19, 1967. I formally charge you, by direction of the Commissioner, as committing an insubordinate act and must inform you that *634 under Section 75 of the Civil Service Law, and [sic] have eight days in which to reply to this charge. Upon receipt of your reply, we will schedule a hearing to he held by the Commissioner or his designate.”
Respondent does not contest the validity of petitioner’s doctor’s certificate or the fact that she was ill on December 19,1967, confined to her bed and physically unable to leave her home or report for work. Respondent contends that the doctor’s note and the reason for petitioner’s failure to report for work on December 19, 1967 are entirely irrelevant and- were not, in any way, taken into consideration, because of the policy of the infirmary not to grant leaves of absence without pay for any reason. Petitioner was advised that under said policy persons requesting such leaves must resign with the possibility of reinstatement within a period of one year and that this policy is based upon the condition of staff shortage at the infirmary.
Rule XXIV, paragraph (1), of the Suffolk County Civil Service Rules, entitled ‘ ‘ Leave of Absence ’ ’, provides as follows: “ 1. A leave of absence without pay, not to exceed one year, may be granted to an employee by an appointing officer. Notice of such leaves of absence shall be given to the Commission. Where a leave of absence without pay has been granted for a period, which aggregates one year, a further leave of absence without pay shall not be granted unless the employee returns to his position and serves continuously for three months immediately preceding the subsequent leave of absence. Notice of such subsequent leave of absence shall also be given to the Commission. Absence on leave for more than one year shall be deemed the equivalent of a resignation from the service upon the date of commencement of such absence, except as provided in subdivision 2 of this rule.” (Emphasis supplied.)
Respondent contends that the use of the word “may” (as employed in the first sentence of the above-quoted rule) places no limitation upon the right of an appointing officer to grant or deny a leave of absence and that the denial, in this case, was a proper exercise of discretion, in view of the infirmary’s policy in such matters. Petitioner, on the other hand, claims it was an abuse of discretion and that her dismissal was arbitrary, capricious and illegal.
There is no major dispute as to the facts of this case. Nor is there any question as to the credibility of the testimony elicited at the hearing held before the Deputy Commissioner of Social Services on January 25,1968, which hearing resulted in the confirmation of petitioner’s discharge on January 2, 1968, purport *635 edly, under section 75 of the Civil Service Law, entitled u Removal and other disciplinary action.”
Section 75 provides that no person holding a permanent civil service appointment, such as the petitioner herein, (l shall be removed or otherwise subjected to any disciplinary penalty s * excep^ for .incompetency or misconduct shown after a hearing upon stated charges ’ ’. Concededly, petitioner has not been charged with incompetency. The only stated reason for her removal was the commission of the aforesaid act of alleged insubordination. The statute further provides: “ The burden of proving incompetency or misconduct [in this case, insubordination] shall be upon the person alleging the same [in this case, respondent].” Respondent, however, did not establish its burden of proof in that regard. Misconduct and insubordination on the part of á civil service employee implies intentional and willful disobedience (Matter of Griffi v. Thompson, 202 N. Y. 104; Matter of Badrow v. Common Council of the City of Tonawanda, 42 Misc 2d 505, dsmd. on rearg. 43 Misc 2d 64). Petitioner cannot be charged with such conduct, since she was physically unable to respond' to the order directing her return to work on the date specified. Her failure to do so, therefore, falls far short of stating a case of insubordination and consequent misconduct such as would justify her discharge. Accordingly, the petition is in all respects granted.