Memorandum. By a letter dated December 23, 1971 respondent attempted to notify appellant that, pursuant to rule 6.4.6 of the Rules of the City Civil Service Commission of the City of New York, his absence since November 23, 1971 was deemed to constitute a resignation from his position of caseworker. In an article 78 proceeding seeking reinstatement and restoration to payroll, a judgment was made at a Special Term on January 11, 1973 granting the application "only to the extent that this matter be remanded to Respondent, for a full and fair hearing as provided for in Section 75 of the Civil Service Law.” No appeal was taken therefrom and negotiations between the parties were not consummated in settlement. In a second article 78 proceeding, an order was entered April 11, 1973 granting appellant’s petition unless within 10 days after service respondent conducted the fair hearing mandated by the "order” of January 11, 1973. Thereafter charges and specifications, setting forth alleged excessive lateness and excessive absences by appellant in violation of department rules and regulations, as well as having "absented [himself] from October 26, 1971 to March 9, without authorization and without presenting medical statements required by departmental procedures”, were served upon appellant, together with notice of a hearing.
In order to comply with the court order and with the provisions of section 75 of the Civil Service Law, respondent necessarily gave to appellant written notice of the proposed removal or other disciplinary action, as well as the reasons therefor, and furnished him with a copy of the charges preferred. The hearing was conducted 13 days after said notice and service. There has been no showing that appellant was deprived of a fair hearing (see Matter of Sowa v Looney, 23 NY2d 329, 333-334), and there was no error in proceeding with the hearing in the absence of appellant and his counsel, after counsel claimed lack of jurisdiction and then refused to participate (Matter of Grottano v Kennedy, 5 NY2d 381, 388-389). Since respondent’s determination sustaining the charges *768 was supported by substantial evidence and since the penalty of dismissal as imposed was not in excess of jurisdiction, in violation of lawful procedure, arbitrary or in abuse of discretionary power, there was no alternative but to confirm (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231).
The order of the Appellate Division, made without prejudice to such plenary action as petitioner may be advised to pursue in respect to his claim for back pay, should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.