In the Matter of FRED SCHRADER, Respondent, v CIVIL SERVICE COMMISSIONER OF MONROE COUNTY, Appellant.

Fourth Department, July 12, 1976

*William J. Stevens (Joseph Pilato* of counsel), for appellant.

*Pat V. Dinolfo* for respondent.

MAHONEY, J. This is an article 78 proceeding to review, annul or modify a penalty of termination resulting from charges preferred against the petitioner resulting in the hearing, after which the hearing officer recommended suspension. The Chief of Police ordered a termination of employment following which the petitioner, a police officer, elected to appeal the determination of penalty to the Monroe County Civil Service Commission pursuant to section 76 of the Civil Service Law. The commission sustained the penalty of termination on July 11, 1975. At Special Term petitioner sought modification of the penalty and, upon the hearing minutes and all the proceedings heretofore had in the matter, the court remanded the question of penalty to the commission "for reconsideration and imposition of an appropriate lesser penalty".

The facts are not disputed, namely, that petitioner was absent without leave on nine working days. The petitioner returned to work and was assigned to different duties, after which disciplinary charges were filed pursuant to section 75 of the Civil Service Law. Neither the Commissioner of Police nor the City of Rochester is a party to this proceeding.

Section 76 of the Civil Service Law gives employees aggrieved by disciplinary determinations an election of remedies for appealing such determinations. Under the statute the employee may appeal either "to the state or municipal commission having jurisdiction" or "to the court in accordance with the provisions of article seventy-eight of the civil practice law and rules". Subdivision 3 of section 76 provides that once the employee elects to appeal to the appropriate civil service commission the "decision of such civil service commission shall be final and conclusive, and *not subject to further review in any court"* (emphasis added).

*Matter of Pauling v Smith* (46 AD2d 759) in which the court stated, "It has been held that the prohibition against any further review by a court does not bar entirely judicial review,

and that such review is permitted when it is claimed that the action of the commission was 'purely arbitrary'. *(Matter of Barbarito v. Moses,* 31 A D 2d 898; see, also, *Matter of Board of Educ. of City of N. Y. v. Allen,* 6 N Y 2d 127, 136, 141.)" was not appealed.

In *Matter of Santella v Hoberman* (29 AD2d 655) the court, in considering the same section with which we are concerned, stated: "Although it is provided in subdivision 3 of section 76 of the Civil Service Law that a determination on appeal of an allegedly aggrieved employee shall not be subject to court review, there remains for court determination the question of a disposition by the commission which is 'purely arbitrary' *(Matter of Board of Educ. of City of N. Y. v. Allen,* 6 N Y 2d 127, 136; *Matter of Taylor v. New York City Tr. Auth.,* 25 A D 2d 682, affd. 19 N Y 2d 724)." There was no appeal from this decision.

It is apparent that the *Pauling* and *Santella* cases *(supra)* rely heavily on the holding in *Matter of Board of Educ. of City of N. Y. v Allen* (6 NY2d 127). However, that decision was based upon a consideration of an interpretation of the statutory scheme of section 310 of the Education Law which does *not* provide for an election between an article 78 review or an appeal to the Commissioner of Education.

The *Allen* rationale, if applied to the present case, would directly contradict the express and clear meaning of section 76 of the Civil Service Law. *Matter of Taylor v New York City Tr. Auth.* (25 AD2d 682), which was affirmed by the Court of Appeals (19 NY2d 724), is controlling under the circumstances of the case before us. The *Taylor* court at the Appellate Division stated: "We agree with the holding at Special Term that petitioner, by appealing from his dismissal to the respondent Civil Service Commission, elected his remedy and was foreclosed from seeking judicial review, since his dismissal was not 'purely arbitrary.'"

The statutory scheme of section 76 of the Civil Service Law is significantly different from section 310 of the Education Law and, since the Civil Service Law provides for an election of remedies and the petitioner was notified of this option, he is bound by his decision. In *Matter of Hibbert v New York City Tr. Auth.* (28 AD2d 1139), it was stated, "[w]e agree with the holding that petitioner, by appealing to the Civil Service Commission, elected his remedy and was foreclosed from seeking judicial review, since his dismissal was not 'purely

arbitrary' *(Matter of Taylor v. New York City Tr. Auth.,* 25 A D 2d 682, affd. 19 N Y 2d 724)."

It is readily apparent from the foregoing that the Appellate Division decisions in using the words "purely arbitrary" relied upon the Court of Appeals in *Allen* which stated, "The term 'arbitrary', standing by itself, would be quite sufficient to make it plain that only a narrow review of the Commissioner's decisions is available in the courts. In the above-cited cases we undertook to emphasize the point by employing the phrase 'purely arbitrary' " (p 136). These words were applicable only under the statutory scheme as embodied in the Education Law and not that contained in the Civil Service Law since an article 78 review is statutorily available providing the employee elects to pursue it. Since he elected to the contrary in this case and since there can be no question as to the admitted facts pertaining to his nine days' absence from duty, there could be no finding in any event that the decision of the commission was either "arbitrary" or "purely arbitrary".

There is nothing in the pleadings, including the decision of the Police Chief and the Civil Service Commission, which would bring this case within the ambit of being arbitrary. A recent Court of Appeals decision, *Matter of Alfieri v Murphy* (38 NY2d 976, affg 47 AD2d 820), wherein the court approved dismissal of a city policeman who had a clean record for 15 years but was found to have shoplifted $4.17 of merchandise while off duty, held that, "while the sanction of dismissal is a grave one, so is the act which here brought it about. * * * Nor does it ameliorate the destructive impact such conduct tends to have on the confidence which it is so important for the public to have in its police officers. Therefore, it cannot be said that the discipline imposed was 'so disproportionate to the offense as to be shocking to one's sense of fairness' *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 237)".

Taking into consideration that the dismissal penalty here was within the statutory framework available to the Chief of Police under subdivision 3 of section 75 of the Civil Service Law and since the stipulated record concedes that the petitioner was absent without leave, we must conclude that mere disagreement with the decision of the Police Department or the Civil Service Commission is not sufficient to overturn the penalty within the discretionary power of the agency by which the petitioner is employed.

This is not to say, however, that our interpretation here of section 76 of the Civil Service Law would preclude article 78 proceedings which sought to prevent civil service commissions from acting in excess of their statutory authority or preclude declaratory judgment or equitable actions based primarily on constitutional rights (see *Matter of Skinkle*, 249 NY 172; *Matter of Mancuso v Mauriello*, 41 Misc 2d 385; cf *Sullivan v Department of Social Servs. of City of N.Y.*, 36 NY2d 766; *Matter of Lakeland Water Dist. v Onondaga County Water Auth.*, 24 NY2d 400; *Matter of Guardian Life Ins. Co. v Bohlinger*, 308 NY 174).

The judgment should be reversed and the petition dismissed.

MOULE, J. P., CARDAMONE, SIMONS, and DILLON, JJ., concur.

Judgment unanimously reversed, without costs and petition dismissed.