■ In the Matter of Louis R. Barone, Respondent, v City of Dunkirk et al., Appellants.—Judgment unanimously reversed, without costs, and determination of city council confirmed. Memorandum: Petitioner, a lieutenant in the City of Dunkirk Police Department, was dismissed from his position by the City of Dunkirk Common Council as a result of being found guilty of charges including official misconduct, grand larceny, conspiracy to commit petit larceny, petit larceny and perjury arising out of a scheme that he allegedly directed which resulted in the payment of unauthorized overtime and sick leave pay. In this article 78 proceeding petitioner seeks to vacate that determination. Although adopting the council's findings of fact, Special Term ordered that the penalty of dismissal was disproportionate to the offenses charged and vacated the determination of the common council, reinstated petitioner to the rank of lieutenant and modified the penalty to a two-month suspension and $200 fine. Respondents appeal from such order. A court, when reviewing the sufficiency of a determination made by a public official, body or entity, must decide whether the determination was "on the entire record, supported by substantial evidence" (CPLR 7803, subd 4). This requires the existence of " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' " *(Matter of Jerry v Board of Educ.,* 50 AD2d 149, 153). We find that based upon the testimony of seven

members of petitioner's platoon who participated in the scheme and petitioner's testimony during his criminal trial, there was substantial evidence to support the conclusion that petitioner was guilty of official misconduct, conspiracy to commit petit larceny, petit larceny and perjury. A court reviewing a penalty imposed by an administrative agency may modify the penalty only if it concludes that the punishment is "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, 234; *Matter of Schrader v Civil Serv. Comr. of Monroe County,* 53 AD2d 210). The dismissal of a city policeman who had a clean record for 15 years but was found to have shoplifted $4.17 of merchandise while off duty was affirmed in *Matter of Alfieri v Murphy* (38 NY2d 976, 977) and the court, in so doing, stated, "The smallness of the value of the property [stolen] does not diminish the moral turpitude thus disclosed. Nor does it ameliorate the destructive impact such conduct tends to have on the confidence which it is so important for the public to have in its police officers." Although petitioner was previously acquitted in a criminal trial of various charges stemming from this same scheme and the hearing officer at the disciplinary proceeding recommended a lesser penalty of demotion and suspension, we find that, because of the seriousness of the charges upon which petitioner was found guilty, the abuse of responsibility which he exhibited and the acts of public malfeasance in which he engaged, the penalty of dismissal was not so disproportionate to the misconduct as to shock one's sense of fairness. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.