■ HARLAND ENTERPRISES, INC., Doing Business as HOLLAND ASSOCIATES, et al., Plaintiffs, v COMMANDER OIL CORP. et al., Defendants. COMMANDER OIL CORPORATION, Respondent, v HARLAND ENTERPRISES, INC., Doing Business as HOLLAND ASSOCIATES, Appellant. — Appeal from an order of the Supreme Court, Nassau County (Smith, J.), dated April 21, 1981, dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment and order of the same court, dated April 30, 1981 and June 23, 1981, respectively, affirmed. No opinion. Respondent is awarded ·one bill of $50 costs and disbursements. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.

■ JANE HEROD, Petitioner, v BOARD OF EDUCATION OF THE HEMPSTEAD PUBLIC SCHOOL DISTRICT, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Hempstead Public School District, dated March 21, 1981, which, after a hearing conducted pursuant to section 75 of the Civil Service Law, found petitioner guilty of the charge of "gross insubordination" and imposed a penalty of a 30-day suspension without pay and a $100 fine. Petition granted, determination annulled, on the law, without costs or disbursements, and respondent is directed to restore petitioner to her position, with full pay for the period of suspension less the amount of compensation which she may have earned in any other employment or occupation and any unemployment insurance benefits she may have received. Gross insubordination denotes conduct which is intentional and contumacious (see *Matter of Griffin v Thompson,* 202 NY 104, 113). To sustain the charge there must be a showing of willful disobedience of an order, directive, rule, regulation, policy, or law (see *Matter of Reisig v Kirby,* 62 Misc 2d 632, affd 31 AD2d 1008). No such showing was made. The evidence did not relate to the charge. Thus, the determination was not supported by substantial evidence and must be annulled (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180). O'Connor, J. P., Bracken, Brown and Niehoff, JJ., concur.

■ DONNA HEUSINGER, Appellant, v VINCENT P. RUSSO et al., Respondents. — In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered April 22, 1982, which granted defendants' motion for a protective order vacating plaintiff's cross notice to take the oral deposition of defendant Russo. Order affirmed, without costs or disbursements, and without prejudice to a motion by plaintiff for leave to take the oral deposition of defendant Russo, upon demonstrating the necessity of such oral deposition after completion of the oral deposition of defendant Ferrando, the former partner of defendant Russo, and after receipt of answers to interrogatories pursuant to CPLR 3130 *et seq.* No opinion. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.