■ In the Matter of Oscar Richardson, Petitioner, v Benjamin Ward, as Police Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Police Commissioner, dated May 19, 1988, which dismissed petitioner from his position as a police officer, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County, C. Beauchamp Ciparick, J., entered Jan. 10, 1989) is dismissed and the determination unanimously confirmed, without costs or disbursements.

In reviewing the record, we find that there was substantial evidence to support the Commissioner's determination that petitioner, on two separate occasions, knowingly gave false testimony during a Grand Jury hearing. *(See, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176.) It is undisputed that petitioner gave false testimony with respect to a drug possession and sale case in order to legitimize the circumstances of his search and arrest of the defendant. Thus, we reject petitioner's argument that the false testimony was not material to the function of the Grand Jury, and that his testimony should not have been considered perjurious. Petitioner's testimony indicating that he saw the defendant sell drugs clearly was false and certainly material to the element of intent to sell. Moreover, it meets the patrol guide's requirement that it be "knowingly" given.

Finally, the sanction imposed was not " 'so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness.' " *(Matter of Pell v Board*

*of Educ.,* 34 NY2d 222, 233.) Much deference is to be accorded to the agency's determination regarding the penalty imposed with respect to its own personnel. *(See, Matter of Purdy v Kreisberg,* 47 NY2d 354, 360.) Petitioner's offense of knowingly giving false testimony before the Grand Jury (which, in fact, led to a defendant's indictment) clearly diminishes his credibility and reflects on his integrity as a police officer. Accordingly, petitioner's dismissal from police service was well within the Commissioner's proper discretion. *(See, Matter of Barone v City of Dunkirk,* 57 AD2d 1040, 1041, *affd* 45 NY2d 876.)* Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.