■ In the Matter of CAROL L. DAIN, Appellant, v CITY CENTRAL SCHOOL DISTRICT OF PORT JERVIS, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to reinstate petitioner to her position as a school bus driver, with back pay, petitioner appeals from a judgment of the Supreme Court, Orange County, dated May 25, 1976, which, after a nonjury trial, denied the relief sought. Judgment reversed, on the law, with costs, petition granted, and respondent is directed to reinstate petitioner as a school bus driver, with back pay and any other benefits to which she may be entitled, from the date of her "suspension", less the amount of compensation earned in any other employment or occupation and any unemployment benefits she may have received during such period. Since petitioner held a permanent civil service position with the respondent, she could not be dismissed without a hearing. Accordingly, the termination of petitioner's employment, based upon subdivision (d) of section 5.3 of the Rules and Regulations of the New York State Department of Civil Service (4 NYCRR 5.3 [d]), was improper (see *Matter of Johnson v Director, Downstate Med. Center, State Univ. of N. Y.,* 52 AD2d 357). Shapiro, Acting P. J., Titone and Hawkins, JJ., concur; O'Connor, J., dissents and votes to affirm the judgment, with the following memorandum: Petitioner commeced this CPLR article 78 proceeding in June, 1975 seeking reinstatement, back pay, and other appropriate relief. The petition alleged that petitioner was unlawfully suspended from her position as a school bus driver, a position which she had held for several years, on February 12, 1975 as the result of certain actions which she had taken on that day; that on the date of her suspension she received oral notification that a disciplinary hearing would be conducted on February 18, 1975; that she was not afforded any of the procedural safeguards mandated by section 75 of the Civil Service Law; that at the

February 18, 1975 meeting she was told that she had to resign or would be fired; that she in fact had never resigned and could not have been properly dismissed because she had not received the safeguards of section 75 of the Civil Service Law; and that respondent was therefore obligated to reinstate her. Respondent's answer to the petition alleged that on February 12, 1975 petitioner had improperly discharged her passengers and, as a result, an informal meeting was held on February 18, 1975. The incident in question was discussed and, when respondent tried to inform petitioner that she could either resign or proceed with a formal disciplinary proceeding, she fled from the meeting. It was not until April, 1975 that petitioner again contacted respondent. Petitioner at that time, in a letter, requested her job back. Respondent, however, believed that petitioner's conduct constituted a resignation and that she was therefore not entitled to a full hearing pursuant to section 75 of the Civil Service Law. In a decision dated August 28, 1975, Mr. Justice O'Gorman ordered a hearing. He pointed out that he would normally have ordered petitioner's reinstatement because the provisions of section 75 of the Civil Service Law had not been complied with, but noted that respondent alleged that petitioner was not entitled to a hearing on the substantive charges against her because she had resigned pursuant to subdivision (d) of section 5.3 of the Rules and Regulations of the New York State Department of Civil Service (4 NYCRR 5.3 [d]), which provides: *"Unauthorized absence; when deemed a resignation.* When an employee is absent without leave and without an explanation therefor for a period of 10 work days, such absence shall be deemed to constitute a resignation effective on the date of the commencement of such absence." A full hearing was therefore required to determine whether the petitioner had been fired or had, in fact, resigned. At this point I wish to note my agreement with the majority's position that petitioner, as the holder of a permanent civil service position, "could not be dismissed without a hearing", either in reliance upon 4 NYCRR 5.3 (d), or upon charges of substantive misconduct. At such a hearing, petitioner would have an opportunity to explain her extended absence. Mr. Justice O'Gorman should have remanded the matter to respondent for an evidentiary administrative hearing to determine whether petitioner had in fact resigned. Petitioner, however, did not specifically request that relief and Mr. Justice O'Gorman conducted a full and thorough due process hearing himself at which both sides, represented by counsel, were fully aware of the matters in issue. Petitioner acquiesced in this procedure and received a full hearing with a more favorable burden of proof requirement (cf. *Matter of McGirr v Division of Veterans Affairs,* 56 AD2d 653). Upon the facts adduced at the hearing, petitioner should not be reinstated and should not receive more than two years' back pay, solely because of a procedural irregularity which worked in her favor. At the hearing, conducted on February 9, 1976, petitioner testified that on February 12, 1975 she had discharged the children at a location other than the regular bus stop because of weather conditions. Upon her return to the garage she was told by Mr. Heal that she was suspended and that a hearing would be held on February 18, 1975 as to the charges against her. At the hearing in Mr. Heal's office on February 18, petitioner was told that she could resign or be fired, and that she could have a union representative with her. At this point she left the meeting in tears. In late March she received a letter from respondent requesting that she submit her formal resignation in writing so that her records would be complete. Approximately one month later she sent a letter to respondent asking for her job back. Ralph Zelno, an assistant to the superintendent, is responsible for respondent's school trans-

portation. He testified that he called the February 18, 1975 meeting so that he could conduct a preliminary investigation into the substantive charge against petitioner. Mr. Zelno told the union representative about the meeting in advance and, at the meeting, petitioner clearly informed him that she did not want a union representative present. Mr. Zelno told petitioner that she could resign and, before he could inform her of the alternative available to her of demanding a full hearing pursuant to section 75 of the Civil Service Law, she ran out of the room. The superintendent had not been told about the February 18 meeting and, if that meeting had in fact been a formal hearing pursuant to section 75, the superintendent would have been directly involved. On March 24, 1975 respondent sought petitioner's formal written resignation because, at that point, after six weeks of silence, it seemed clear that petitioner had resigned her position. Robert Heal, head mechanic, corroborated Mr. Zelno's version of what had transpired. In a decision dated May 4, 1976, Mr. Justice O'Gorman determined that the relief sought by petitioner should be denied. He determined that petitioner had failed to adequately explain her lengthy absence after February 18, 1975 and thus, pursuant to 4 NYCRR 5.3 (d), she had in fact resigned her position. It is clear that Mr. Justice O'Gorman did not rely upon the provisions of 4 NYCRR 5.3 (d) as creating an irrebuttable presumption, but decided, as a matter of fact, that petitioner's unnecessary emotionalism on February 18, 1975 did not justify her subsequent absence from work without any word for two months. This determination was clearly correct and was supported by the evidence adduced at the thorough due process hearing. Subsequently, relying upon *Matter of Johnson v Director, Downstate Med. Center, State Univ. of N. Y.* (52 AD2d 357), petitioner moved for reargument. That motion was denied by a decision dated July 14, 1976. The decision to deny reargument was correct. Unlike *Matter of Johnson (supra)*, the provisions of 4 NYCRR 5.3 (d) were not deemed in this case to have created an "irrebuttable presumption" that petitioner had resigned. The evil aimed at in *Johnson* (p 364), that "the affected employee is never given an opportunity to explain or justify the absence in a hearing either before or after it is 'deemed' by his employer, the public agency, to constitute 'a resignation' ", is not present here because a due process hearing was held at which petitioner had a full opportunity to explain her absence (cf. *Matter of Koch v Bulson,* 57 AD2d 625). Also, unlike the situation in *Matter of Johnson,* there is nothing in this record to indicate that 4 NYCRR 5.3 (d) was used in a manner aimed at circumventing petitioner's right to a hearing on the substantive charges against her. *Matter of Johnson (supra)* being inapplicable to the present circumstances, and petitioner having failed to satisfactorily explain her absence, the petition was properly dismissed.