■ In the Matter of GORDON KOCH, Petitioner, v GEORGE BULSON, as Superintendent of Highways of the Town of Stony Point, et al., Respondents. —Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Town Board of the Town of Stony Point (sued herein as the town council), dated December 27, 1972, which, after a hearing, found that petitioner had absented himself from work, without explanation, for a period in excess of 10 working days and was, therefore, deemed to have resigned his position. Determination confirmed and proceeding dismissed on the merits, with costs. Petitioner had an altercation with his superintendent on the evening of January 24, 1971. Petitioner failed to report to work thereafter and no communication was received from him until August of that year, at which time he commenced a CPLR article 78 proceeding seeking reinstatement. Subsequently, the parties came before Mr. Justice Donohoe, who found that the matter came within the purview of section 75 of the Civil Service Law and directed respondents to (1) furnish petitioner with written notice of his removal and the reasons therefor and a copy of the charges preferred against him and (2) hold a hearing. On August 2, 1972 respondents notified petitioner that he had been absent without authorization for a period exceeding 10 working days and, pursuant to rule XX of the Rockland County Civil Service Commission, was deemed to have resigned.

Petitioner was advised that he could answer the charge in writing and request a hearing. Such a hearing took place on September 6, 1972 before the town board. Petitioner's explanation for his absence was that he thought he had been fired. Clearly, the town board failed to credit this explanation and, by a determination dated December 27, 1972, terminated petitioner's services by reason of his unexplained absence. Thereafter, in April, 1973, petitioner commenced the instant proceeding for judicial review of the town board's determination. The proceeding was transferred to this court. We find that petitioner was accorded all procedural and substantive rights guaranteed by section 75 of the Civil Service Law and that the determination of the town board was supported by substantial evidence. Although the charges against petitioner never used the word "misconduct" as such, it is clear that the allegations of unauthorized absence from work constituted charges of misconduct. A contrary holding, based upon the mere absence of the word "misconduct", would elevate form over substance. Furthermore, petitioner was given a full administrative hearing at which he was represented by counsel, testified in his own behalf, called witnesses, and cross-examined adverse witnesses. No irrebuttable presumption that he had resigned was applied to petitioner in this case. In the light of all of the aforesaid circumstances, petitioner's reliance upon *Matter of Johnson v Director, Downstate Med. Center, State Univ. of N. Y.* (52 AD2d 357) is misplaced. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.