■ In the Matter of THELMA BERNSTEIN, Appellant, v INDUSTRIAL COMMISSIONER OF THE STATE OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered November 26, 1975, which denied petitioner's article 78 proceeding and dismissed her petition on the ground that the proceeding was time-barred, unanimously reversed, on the law, and vacated, without costs and without disbursements, and the matter remanded to respondent for an evidentiary hearing of whether petitioner was absent without leave and without explanation, i.e., whether she had, in fact, resigned. Petitioner, a competitive permanent employee in the classified Civil Service of the State of New York, holding the position of typist, Grade 3 and employed by the Department of Labor, Division of Manpower Services, by letter dated December 11, 1974, was notified that she was "separated under Section 5.3 of the classified service rules of the Civil Service Law. This law provides that an employee who is absent without leave and without an explanation for a period of ten work days shall be deemed to have automatically resigned. Therefore, your automatic resignation is being processed effective November 20, 1974". It appears that by letter dated December 18, 1974, Assemblyman Alfred A. Delli Bovi, on petitioner's behalf, requested that respondent consider petitioner's claim that she had recently undergone an operation from which she was still recovering and that her supervisor harassed her upon her return to work. In response to this letter, respondent informed petitioner by letter dated January 10, 1975, that upon review of the matter, respondent adhered to the determination that petitioner not be reinstated. The instant article 78 proceeding was thereafter commenced on May 12, 1975. As aptly observed in *Austin v Board of Higher Educ.* (5 NY2d 430, 442): "Thus, an article 78 proceeding in the nature of mandamus as well as one in the nature of certiorari to review is controlled by the four-month Statute of Limitations. No doubt, for the purposes of the Statute of Limitations a distinction must be observed between relief sought in the nature of certiorari and that sought in the nature of mandamus. The reason for this rests in the fact that the important factor in a proceeding in the nature of certiorari is that the aggrievement arises from a final determination. But, in the case of a proceeding in the nature of mandamus, the aggrievement does not arise from the final determination but from the refusal of the body or officer to act or to perform a duty enjoined by law. Accordingly, while it is not necessary to make a demand and await a refusal before bringing a proceeding in the nature of certiorari to review, it is necessary to make a demand and await a refusal before bringing a proceeding in the nature of mandamus and in the latter type of proceeding the Statute of Limitations does not run out until four months after the refusal [citation omitted]. This does not mean that the aggrieved party can, by delay in making his demand, extend indefinitely the period during which he is required to take action. If he does not proceed promptly with his demand he may be charged with laches [citation omitted]." There is no delay presented in this record with respect to petitioner's seeking reinstatement which would constitute laches. Patently, the proceeding herein for reinstatement after discharge is in the nature of mandamus and was timely commenced (see *Matter of Johnson v Downstate Med. Center, State Univ. of N. Y.,* 52 AD2d 357; *Matter of Sirles v Cordary,* 49 AD2d 330; contra *Matter of Phillips v County of Broome,* 44 AD2d 882). With respect to petitioner's claim that her termination without a hearing violates due process of law, which claim is denied by respondent in his answer, we note that the Second Department views subdivision (d) of section 5.3 of the Rules and Regulations of the New York State Department of Civil

Service (4 NYCRR 5.3 [d]) as violative of the due process guarantees of the Fourteenth Amendment *(Matter of Johnson v Downstate Med. Center, State Univ. of N. Y., supra).* We agree. The critical issue is whether petitioner was absent without leave and without explanation. As a competitive permanent employee in the Civil Service of New York State, petitioner was subject to the rules and regulations of the New York State Department of Civil Service. Consequently, this matter must be remanded for an evidentiary administrative hearing to determine whether petitioner had, in fact, resigned within the ambit of 4 NYCRR 5.3 (d). Proper procedure mandates affording petitioner a "due process" hearing within the administrative context, rather than remanding the matter to Special Term for such hearing wherein petitioner would receive the more favorable burden of proof requirement (cf. *Matter of Dain,* 57 AD2d 622; see *Matter of Koch,* 57 AD2d 625). Concur—Murphy, P. J., Lupiano, Silverman and Capozzoli, JJ.