OPINION OF THE COURT
Richard J. Daronco, J.
This is a CPLR article 78 proceeding in which the petitioner seeks to review and thereupon annul the determination of the respondents removing petitioner from the payroll of the respondent Village of Scarsdale as of December 6, 1977, and compelling respondents to reinstate him as of that date with full pay together with costs pursuant to CPLR 8303 (subd [a], par 2).
The facts are substantially uncontradicted. Petitioner, a civil service employee with permanent status was employed by respondent Village of Scarsdale as a police officer, having the rank of Lieutenant. On August 23, 1976, petitioner in the performance of his duties was injured. He was unable to perform regular duties as a police officer. On or about Novem *407 ber 10, 1977, petitioner was ordered to report for limited duty. Petitioner complied with this order. His treating physician with respect to his work-related injuries stated in a letter dated November 15, 1977, that petitioner was unable to perform any sort of work. On November 18, 1977, petitioner’s former attorney wrote to Chief Shanes that petitioner was entitled to full benefits until his disability ceased. The Village Attorney by letter dated November 29, 1977, stated that in the opinion of the village doctor, petitioner was physically fit to perform limited duties and that if he failed to report for limited duties on December 2, 1977, petitioner would be removed from respondent village payroll. Pursuant thereto, petitioner reported for duty on this date but notified police headquarters on December 3, 1977, that he was unable to report to duty because of his injuries. Petitioner reported for duty on December 4, 1977. On December 5 and 6, 1977 petitioner notified police headquarters that he was unfit for duty and would not report in. The Village Attorney on December 8, 1977 notified petitioner that the respondent village removed him from the payroll effective December 6, 1977 at 5:00 p.m. Thereafter petitioner made several demands upon respondent for a hearing which was refused.
The issue involved herein is whether the petitioner refused to perform or was able to perform limited police duties as directed permitting the respondents to remove petitioner summarily from its payroll without a hearing or whether or not petitioner must first be afforded the full panoply of procedural due process under section 75 of the Civil Service Law.
Respondent urges that having been advised that petitioner was physically fit to perform limited duty and refusing to do so, the respondent village had no alternative but to proceed under subdivision 3 of section 207-c of the General Municipal Law based on nonperformance of duty to remove petitioner from respondent village payroll.
It is further asserted by respondent that there is no other statute involved other than section 207-c of the General Municipal Law, which statute does not provide for a hearing to be held by respondent or any other entity, inferring that the self-executing mandate undertaken was proper under the factual circumstances herein.
The court does not agree with this contention, when as here, the petitioner was a permanent member of the police force of the respondent village. Petitioner held a" permanent civil *408 service position and was entitled to the protection afforded to his employment provided by the specific terms and procedural safeguards of section 8-804 of the Village Law and section 2 of chapter 891 of the Laws of 1972. The statutory language of subdivision 3 of section 207-c of the General Municipal Law must be read in addition to the above-mentioned statutes in conjunction with the express prohibitory language recited in chapter 834 of the Laws of 1940, which in pertinent part reads: "A policeman serving in the competitive class of civil service in any city, county, town or village of the state, any provision of law, rule or regulation to the contrary notwithstanding, shall not be removed from his position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such policeman to be represented by counsel at such hearing and to a judicial review in accordance with the provisions of article seventy-eight of the civil practice act” together with section 75 of the Civil Service Law entitled "Removal and other disciplinary action.” Section 75 provides that a person holding a permanent civil service appointment, such as the petitioner herein, "shall not be removed or otherwise subjected to any disciplinary penalty except for incompetency or misconduct shown after a hearing upon stated charges”.
It is not disputed that petitioner’s injuries are job related affording him a property right mandated by law and guaranteeing to petitioner uninterrupted payments as provided for pursuant to section 207-c of the General Municipal Law. (Peace v Collucci, 59 AD2d 233; Phaneuf v City of Plattsburg, 84 Misc 2d 70, 74, affd 50 AD2d 614; City of Buffalo v Maggio, 47 Misc 2d 971, 973-974, rev on other grounds 27 AD2d 635) and is the precise counterpart of section 207-a of the General Municipal Law, dealing with firemen injured in the line of duty (NY Legis Ann, 1961, p 486), wherein it is stated: "This bill by adding Section 207-c to the General Municipal Law, seeks to confer the same protection upon policemen” which has for years been extended to firemen.
When the issue arose as to the petitioner’s physical condition to perform such duties as ordered and his indicated inability and absence therefrom, it was incumbent upon respondents then to determine if such refusal constituted insubordination and misconduct which would justify his removal from the respondent village payroll (see Matter of Brockman v Skidmore, 43 AD2d 572; Matter of Reisig v Kirby, 62 Misc 2d *409 632, affd 31 AD2d 1008) and not to conclude that his nonperformance of duty permitted respondent a means to summarily remove petitioner from respondent village payroll without first affording him a meaningful evidentiary hearing within the ambit of procedural due process rights of notice and an opportunity to be heard.
The civil service status of the petitioner is a property interest of substantial value protected by the due process clause of the Constitution (Matter of Johnson v Director, Downstate Med. Center, 52 AD2d 357, 364, affd 41 NY2d 1061) and should not be taken from an individual without a hearing and opportunity to be heard. (Matter of Dain v City Cent. School Dist. of Port Jervis, 57 AD2d 622; Matter of Koch v Bulson, 57 AD2d 625; Matter of Johnson v Director, Downstate Med. Center, supra; see, also, Matter of Gardner v Murphy, 46 Misc 2d 728.)
Accordingly, the petition is granted to the extent that respondent is directed forthwith to reinstate petitioner to the payroll of the respondent Village of Scarsdale, effective as of 5:00 p.m. December 6, 1977, in his position as lieutenant of the police department with back pay and any other benefits to which he may be entitled to by virtue of his position, less the amount of compensation earned in any other employment or occupation and any unemployment benefits and any sums or awards paid to petitioner by the workers’ compensation carrier during such period.