■ In the Matter of ARTHUR HODELLA, Respondent, v CHIEF OF POLICE OF THE TOWN OF GREENBURGH et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the appellants to pay petitioner his salary for a day on which he was absent from work, the appeal is from a judgment of the Supreme Court, Westchester County, dated December 5, 1978, which granted the petition. Judgment affirmed, without costs or disbursements. Petitioner is a police officer in the Town of Greenburgh who received his permanent appointment in 1962. In May, 1974 he sustained a back injury during the performance of his duties and was determined to be permanently, partially disabled. Petitioner has performed sedentary light

work at full salary since 1974, pursuant to the provisions of subdivision 3 of section 207-c of the General Municipal Law. According to appellants, petitioner has been frequently absent from work. On April 21, 1978 the appellant chief of police informed petitioner that in the event he refused to perform the work assigned to him, his salary would be discontinued. On July 27, 1978 the chief of police advised petitioner "that your pay check issued this date does not include pay for June 11, 1978 as you were absent from ordered duty due to a previously reported disability". Petitioner commenced the instant article 78 proceeding seeking to compel the appellants to pay him for the day he was absent from work. We agree with Special Term that absent an evidentiary hearing pursuant to section 75 of the Civil Service Law, appellants could not legally dock petitioner a day's pay. Although subdivision 3 of section 207-c of the General Municipal Law grants municipalities the right to discontinue the salary of partially injured police officers who refuse to perform assigned light work, this great power may not be exercised summarily where, as here, the officer has received a permanent appointment. Rather, subdivision 3 should be read in conjunction with section 75 of the Civil Service Law and the constitutional guarantees of due process, which require that petitioner, as a permanent civil service appointee, be granted an evidentiary hearing, with notice and opportunity to be heard, where removal or other disciplinary action is sought (see *Matter of Fiorella v Village of Scarsdale,* 96 Misc 2d 406; cf. *Matter of Johnson v Director, Downstate Med. Center,* 41 NY2d 1061, affg 52 AD2d 357). Mangano, J. P., Rabin, Gulotta and Margett, JJ., concur