■ In the Matter of FRANK SHIELDS, Petitioner, v DANIEL P. GUIDO, as Commissioner of Westchester County Department of Public Safety, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Department of Public Safety, dated March 17, 1982, which, after a hearing, dismissed petitioner from his employment. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination that petitioner improperly failed to report to work from June 13, 1980 through May 1, 1981, was supported by substantial evidence and, therefore, must not be disturbed (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Further, the penalty imposed is not so disproportionate, in light of the circumstances, as to be shocking to one's sense of fairness (*Matter of Pell v Board of Educ., supra*). Finally, we note that section 207-c of the General Municipal Law must be read in conjunction with section 75 of the Civil Service Law (see, e.g., *Matter of Curley v Dilworth,* 96 AD2d 903; *Matter of Hodella v Chief of Police,* 73 AD2d 967). The former section was not intended to limit the sanctions authorized to be imposed in disciplinary proceedings under section 75 of the Civil Service Law. Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.