■ In the Matter of GEORGENA DACEY, Petitioner, v COUNTY OF DUTCHESS et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* (1) to annul a determination of the respondent Sheriff of the County of Dutchess, dated October 10, 1984, which, after a hearing, dismissed the petitioner from her civil service position of correction officer, and (2) to compel the respondents to pay certain disability benefits due to her pursuant to General Municipal Law § 207-c which accrued

during the period of her suspension without pay prior to the hearing on disciplinary charges.

Petition granted, on the law, to the extent that the respondent County of Dutchess is directed to pay the petitioner all accrued benefits due to her pursuant to General Municipal Law § 207-c from March 26, 1984, the date of her suspension from service, until June 26, 1984, the date that her benefits were reinstated. In all other respects, determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

On March 26, 1984, the petitioner was suspended without pay pursuant to Civil Service Law § 75 pending a hearing and determination of certain charges of misconduct which were preferred against her for engaging in acts which constituted several crimes. At that time the petitioner was on disability leave, and had been receiving benefits pursuant to General Municipal Law § 207-c after sustaining a line-of-duty injury. The disciplinary hearing, initially scheduled for April 18, 1984, was adjourned several times at the petitioner's request in order for her to obtain counsel and prepare her case; it was finally commenced on June 19, 1984. The petitioner's benefits pursuant to General Municipal Law § 207-c were restored on June 26, 1984.

Following the hearing, on October 10, 1984, pursuant to the report and recommendation of the hearing officer, the respondent Sheriff notified the petitioner that she was terminated from her employment effective October 12, 1984. This CPLR article 78 proceeding followed.

The Sheriff's determination is supported by substantial evidence in the record, and therefore must not be disturbed *(see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Further, the statements made by the petitioner to the police during their investigation of the criminal charges filed against her were properly admitted into evidence during the administrative hearing *(see, People ex rel. Maiello v New York State Bd. of Parole,* 65 NY2d 145; *Terpstra v Niagara Fire Ins. Co.,* 26 NY2d 70, 74).

Additionally, the penalty imposed is not so disproportionate to the petitioner's misconduct as to be shocking to one's sense of fairness in view of the circumstances *(see, Matter of Alfieri v Murphy,* 38 NY2d 976; *Matter of Pell v Board of Educ., supra).* There is no merit to the petitioner's contention that she may not be divested of her disability benefits pursuant to

General Municipal Law § 207-c based on the termination of her civil service employment after a disciplinary hearing and a determination that she was guilty of misconduct. As we previously stated in *Matter of Shields v Guido* (97 AD2d 849): "[S]ection 207-c of the General Municipal Law must be read in conjunction with section 75 of the Civil Service Law (see, e.g., *Matter of Curley v Dilworth,* 96 AD2d 903; *Matter of Hodella v Chief of Police,* 73 AD2d 967). The former section was not intended to limit the sanctions authorized to be imposed in disciplinary proceedings under section 75 of the Civil Service Law."

However, the petitioner's entitlement to benefits under General Municipal Law § 207-c prior to her termination constitutes a property right protected by the constitutional guarantees of due process, which may not be summarily discontinued or suspended without a prior evidentiary hearing, with notice and opportunity afforded to the beneficiary to be heard *(see, Pease v Collucci,* 59 AD2d 233; *Matter of Fiorella v Village of Scarsdale,* 96 Misc 2d 406, 408-409). Therefore, under the circumstances of this case, the petitioner was entitled to receive uninterrupted benefits as provided for under General Municipal Law § 207-c pending a hearing and final determination of the charges of misconduct which would justify her removal from the payroll of the respondent County of Dutchess and terminate her entitlement to the disability benefits. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.