■■■ In the Matter of SBA, INC., et al., as Successors in Interest to SYRACUSE TELEPHONE COMPANY, Doing Business as CELLULARONE, Appellants, v BARBARA A. SCHWARTING, as Chair of Town of Elbridge Zoning Board of Appeals, et al., Respondents. [750 NYS2d 416] —Appeal from a judgment of Supreme Court, Onondaga County (Roy, J.), entered February 15, 2002, which dismissed the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is granted.

Memorandum: Supreme Court erred in dismissing the petition and confirming the determination of the Town of Elbridge Zoning Board of Appeals (ZBA) denying petitioners' application for a use variance to construct a cellular telephone tower. As a public utility providing cellular telephone service, petitioners qualify for the " 'public necessity' use variance test" (*Matter of Cellular Tel. Co. v Rosenberg*, 82 NY2d 364, 371). Thus, to establish their entitlement to a use variance, they need only establish that the proposed cellular telephone tower "would enable [them] to remedy gaps in [their] service area that currently prevent [them] from providing adequate service to [their] customers" and presents a minimal intrusion or burden on the community (*id.* at 373-374; *see Matter of Consolidated Edison Co. of N.Y. v Hoffman*, 43 NY2d 598, 611; *Matter of Farrell v Johnson*, 266 AD2d 873). We conclude that the ZBA's determination is not supported by substantial evidence (*see generally Matter of Sasso v Osgood*, 86 NY2d 374, 385 n 2). Petitioners presented evidence that the proposed cellular telephone tower would remedy a sizeable gap in cellular telephone service and that the tower would not interfere with electrical service or air traffic, diminish property values or create health risks. In addition, petitioners established that the proposed tower height of 195 feet was the minimum height necessary to meet the service objectives of the tower, that they had considered alternative sites and that the proposed site was the best available site. No evidence was presented at the pub-

lic hearing in opposition to petitioners' application, with the exception of the generalized objection of residents who oppose the cellular telephone tower in the vicinity of their property. We therefore conclude that petitioners are entitled to a use variance. Present—Green, J.P., Wisner, Hurlbutt, Burns and Gorski, JJ.