■ In the Matter of INDEPENDENT WIRELESS ONE CORPORATION et al., Respondents, v CITY OF SYRACUSE et al., Appellants. [784 NYS2d 473]—

Appeal from a judgment (denominated order) of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered June 9, 2003 in a proceeding pursuant to CPLR article 78. The judgment directed respondents to issue petitioners a use variance.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners, providers of cellular telephone services, applied to respondent City of Syracuse Board of Zoning Appeals (Board) for a use variance permitting them to construct a 120-foot-tall telecommunications tower, disguised as a "flagpole," on a residentially zoned site in respondent City of Syracuse. Petitioners commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, a judgment annulling the determination denying their application. Respondents appeal from a judgment ordering respondents to issue petitioners the use variance, thereby effectively annulling the determination.

Supreme Court properly ordered respondents to issue the use variance to petitioners. Petitioners are public utilities and thus are "entitled to the application of the 'public necessity' use variance test" (*Matter of Cellular Tel. Co. v Rosenberg*, 82 NY2d 364, 371 [1993]; *see Matter of Site Acquisitions v Town of New Scotland*, 2 AD3d 1135, 1136-1137 [2003]; *Matter of Nextel Partners v Town of Fort Ann*, 1 AD3d 89, 93 [2003], *lv denied* 1 NY3d 507 [2004]). "A telecommunications provider that is seeking a variance for a proposed facility need only establish that there are gaps in service, that the location of the proposed facility will remedy those gaps and that the facility presents a minimal intrusion on the community" (*Site Acquisitions*, 2 AD3d at 1137; *see Matter of SBA, Inc. v Schwarting*, 299 AD2d 940 [2002]). We conclude that petitioners made the requisite showing warranting the issuance of a use variance, and we thus further conclude that the Board's denial of petitioners' application was arbitrary and not rational (*see Nextel Partners*, 1 AD3d at 93; *see also Cellular Tel. Co.*, 82 NY2d at 373-374) and was not supported by substantial evidence in the record (*see* 47 USC § 332 [c] [7] [B] [iii]; *Nextel Partners*, 1 AD3d at 94-95). Present—Hurlbutt, J.P., Kehoe, Gorski, Martoche and Hayes, JJ.