■ In the Matter of JOHN PARK, Appellant, v JOHN A. KAPICA et al., Respondents. [808 NYS2d 758]—

In a proceeding pursuant to CPLR article 78, inter alia, to annul the appointment of a hearing officer, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lange, J.), dated October 20, 2003, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner's disability payments constituted a property right giving rise to the procedural due process protection of an evidentiary hearing before they could be terminated (*see Matter of City of Cohoes [Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO],* 94 NY2d 686, 689 [2000]). The procedures for terminating disability payments under General Municipal Law § 207-c must be read in conjunction with Civil Service Law § 75

(*see Matter of Hodella v Chief of Police of Town of Greenburgh*, 73 AD2d 967, 968 [1980]). Civil Service Law § 75 (2) expressly authorizes the delegation of evidentiary hearings to "a deputy or other person designated." The Town could therefore properly delegate the conduct of this hearing to a hearing officer under General Municipal Law § 207-c and Civil Service Law § 75 (2).

Contrary to the petitioner's contentions, Westchester County Police Act (hereinafter WCPA) § 7 (L 1936, ch 104, as amd by L 1941, ch 812) which does not permit the delegation of hearing authority, is inapplicable as it pertains to matters of police discipline (*see Matter of Town of Greenburgh [Police Assn. of Town of Greenburgh]*, 94 AD2d 771 [1983]). The WCPA is a special legislative enactment that would only supersede the Civil Service Law on matters of discipline (*see Matter of Steinmann v Village of Spring Val.*, 261 AD2d 548, 549 [1999]). Here, disciplinary charges were never preferred against the petitioner, as the parties' dispute was instead limited to the petitioner's disability status. Accordingly, the Town's delegation of the disability hearing to a hearing officer, and its adoption of the hearing officer's findings and recommendations requiring the petitioner to return to work, were appropriate (*see Matter of Curley v Dilworth*, 96 AD2d 903 [1983]).

The petitioner's remaining contentions are without merit. Florio, J.P., Crane, Fisher and Dillon, JJ., concur.