■ In the Matter of JOSEPH DEMASI et al., Respondents, v JOSEPH BENEFICO et al., Appellants. [823 NYS2d 537]—

In a proceeding pursuant to CPLR article 78, the appeal is from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Adler, J.), entered August 30, 2005, as, in effect, prohibited the appellants from terminating or reducing future payments to the petitioners made pursuant to General Municipal Law § 207-c, except upon a full evidentiary hearing.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioners are police officers in the Village of Pelham. The petitioners were totally disabled for a period of time by line-of-duty injuries, and during this period, the appellants, the Chief of Police of the Village of Pelham, the Village Administrator of the Village of Pelham, and the Village of Pelham (hereinafter collectively referred to as the Village) were paying the petitioners their full salaries pursuant to General Municipal Law § 207-c. The petitioners were subsequently medically cleared for, and directed to report for, light transitional duty assignments, and they commenced working such assignments. The petitioners claim, however, that after returning to work, they were unable to complete their assigned tours due to pain from their prior injuries. As a result, they either left early or failed to report for work on certain days. The Village refused to pay the petitioners for the hours and days they did not work

(hereinafter the docked salary). The petitioners then commenced this proceeding, inter alia, to compel the payment of the docked salary and to stop the Village from discontinuing payment of their full salary without a prior evidentiary hearing.

The Supreme Court granted the petition in its entirety, directing payment of the docked salary and directing the Village not to terminate or reduce future salary payments to the petitioners without a prior evidentiary hearing. The Village appeals only from that portion of the order and judgment directing it to hold an evidentiary hearing before reducing or withholding future salary payments to the petitioners.

Payment of benefits pursuant to General Municipal Law § 207-c constitutes a property right (*see Matter of City of Cohoes [Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO]*, 94 NY2d 686, 691 [2000]). Where, as here, the petitioners received such benefits in the form of salary payments pursuant to General Municipal Law § 207-c, and then, having complied with a subsequent order to report for light duty, they later allege, with supporting medical documentation, that they cannot complete their assigned tasks due to the original disabling injuries, those benefits cannot be suspended or reduced in the absence of an evidentiary hearing. Accordingly, the Supreme Court properly directed the Village not to terminate or reduce such benefits without first conducting an evidentiary hearing (*see Matter of Goglia v Sardino*, 64 NY2d 1084 [1985]; *Matter of Hodella v Chief of Police of Town of Greenburgh*, 73 AD2d 967, 968 [1980]; *cf. Matter of City of Cohoes [Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO]*, supra at 691-692; *Matter of Park v Kapica*, 25 AD3d 801 [2006]). Florio, J.P., Crane, Ritter and Fisher, JJ., concur.