■ In the Matter of THOMAS KEMPKES, Respondent, v BRIAN DOWNEY et al., Appellants. [861 NYS2d 415]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Chief of Police of the Village of Bronxville, which suspended payments made to the petitioner pursuant to General Municipal Law § 207-c, the appeal is from a judgment of the Supreme Court, Westchester County (Neary, J.), entered February 16, 2007, which granted the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner is a Village of Bronxville police officer. From September 6, 2002 until July 7, 2006 the petitioner was paid his full salary while he was on disability leave, pursuant to General Municipal Law § 207-c. On July 7, 2006 the petitioner was informed by Brian Downey, the Chief of Police of the Village of Bronxville, that he would be suspended without pay pending a disciplinary hearing involving his failure to report his whereabouts while on sick leave during a scheduled tour of duty on July 6, 2006 as required by Bronxville Police Department policies.

The petitioner commenced this proceeding, inter alia, to review Downey's determination. He argued that the Village was obligated to pay his disability benefits pursuant to General Municipal Law § 207-c pending an evidentiary hearing, claiming that he was entitled to such an evidentiary hearing prior to the suspension of his salary, since benefits conferred under General Municipal Law § 207-c constitute a vested property interest. The Supreme Court granted the petition.

The payment of benefits that have been conferred pursuant to General Municipal Law § 207-c constitutes a protected property interest (see Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes, 94 NY2d 686, 691 [2000]; Matter of DeMasi v Benefico, 34 AD3d 472, 473 [2006]). Contrary to the appellants' contention, the issue in this case is not whether the Westchester County Police Act (L 1972, ch 891; McKinney's Uncons Laws of NY § 5711-q; hereinafter the Act) "takes precedence" over General Municipal Law § 207-c; rather, the pertinent issue is whether General Municipal Law § 207-c creates a protected property interest in disability benefits such that a predeprivation hearing must be held, even if the Act generally allows for the suspension of an officer's salary prior to a hearing.

The constitutional guarantee of due process requires that a recipient of benefits under General Municipal Law § 207-c be granted an evidentiary hearing prior to the deprivation of such

benefits (*see Matter of Hodella v Chief of Police of Town of Greenburgh,* 73 AD2d 967 [1980]; *see also Matter of DeMasi v Benefico,* 34 AD3d at 473). Consequently, a municipality may not discontinue the payment of General Municipal Law § 207-c benefits as a disciplinary sanction without a prior evidentiary hearing (*see Matter of Dacey v County of Dutchess,* 121 AD2d 536, 538 [1986]; *see also Matter of Hodella v Chief of Police of Town of Greenburgh,* 73 AD2d at 967).

Here, it is undisputed that no predeprivation evidentiary hearing was conducted. Accordingly, the Supreme Court properly annulled the petitioner's suspension, ordered the appellants to restore the disputed benefits to the petitioner pursuant to General Municipal Law § 207-c, and prohibited the appellants from reducing, terminating, or suspending such benefits until a final determination of the disciplinary charges has been made after an evidentiary hearing held upon notice (*see Matter of Dacey v County of Dutchess,* 121 AD2d at 538; *see also Matter of DeMasi v Benefico,* 34 AD3d at 473; *Matter of Crawford v Sheriff's Dept., Putnam County,* 152 AD2d 382, 387 [1989]; *Matter of Hodella v Chief of Police of Town of Greenburgh,* 73 AD2d at 967). Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.