*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    520635
_____

In the Matter of CRAIG BAKER,
                    Respondent,

        v                                        MEMORANDUM AND ORDER

CLINTON COUNTY et al.,
                    Appellants.
_____

Calendar Date:  October 21, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        Lemire, Johnson & Higgins, LLC, Malta (Gregg Johnson of
counsel), for appellants.

        Nancy E. Hoffman, Civil Service Employees Association,
Albany (Aaron E. Kaplan of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the Supreme Court (Ellis, J.),
entered November 25, 2014 in Clinton County, which, among other
things, granted petitioner's application, in a combined
proceeding pursuant to CPLR article 78 and action for declaratory
judgment, to annul a determination of respondent Clinton County
Sheriff denying petitioner benefits pursuant to General Municipal
Law § 207-c.

        When petitioner, a correction officer with the Clinton
County Sheriff's office, was allegedly injured at work on August
8, 2013, he was placed on leave, filed a workers' compensation
claim and began receiving benefits pursuant to General Municipal
Law § 207-c.  On November 5, 2013, petitioner's doctor cleared
him to return to work in a light-duty capacity.  Respondent

Clinton County Sheriff did not allow him to return to work; rather, on November 25, 2013, served petitioner with disciplinary charges pursuant to Civil Service Law § 75. By the charges, the Sheriff alleged, among other things, that petitioner had falsely reported his injuries. Petitioner's pay was suspended pursuant to Civil Service Law § 75 (3) and disciplinary hearings were held in January 2014. Petitioner was reinstated to respondent Clinton County's payroll on January 28, 2014, but was then removed again on February 12, 2014. In March 2014, petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment to challenge the Sheriff's determination to terminate his General Municipal Law § 207-c benefits during the pendency of the disciplinary hearing.[1] In their answer, respondents asserted, among other things, that petitioner forfeited his claim to recover these benefits under the doctrine of "unclean hands." Supreme Court granted the petition and directed respondents to pay the withheld benefits. Respondents now appeal.

Relevant here, General Municipal Law § 207-c provides that, when a correction officer suffers a disabling injury in the line of duty, that officer is entitled to continue to receive his or her full salary during the pendency of the disability. The receipt of such benefits "constitutes a property interest giving rise to procedural due process protection, under the Fourteenth Amendment, before those payments are terminated" (Matter of Park v Kapica, 8 NY3d 302, 310 [2007] [internal quotation marks and citation omitted]). As such, while a municipality may discipline an officer even if that officer is receiving General Municipal Law § 207-c benefits, the statutory benefit may not be withheld without a pretermination evidentiary hearing (see Matter of Kempkes v Downey, 53 AD3d 547 [2008], lv denied 11 NY3d 710 [2008]; Matter of Dacey v County of Dutchess, 121 AD2d 536, 538 [1986]; Matter of Hodella v Chief of Police of Town of

---

[1] On April 24, 2014, the Hearing Officer issued his determination recommending that petitioner be terminated based on his finding that petitioner had engaged in the misconduct as alleged. On May 2, 2014, petitioner was terminated from his employment as a correction officer.

Greenburgh, 73 AD2d 967 [1980], lv denied 49 NY2d 708 [1980]). Where, as here, the parties have not negotiated a General Municipal Law § 207-c procedure, the municipality may, but is not obligated to, use the procedures set forth in Civil Service Law § 75 as a means to discontinue the statutory benefit (see Matter of Park v Kapica, 8 NY3d at 311). The pertinent question is whether the officer is afforded the requisite due process (id.).

Here, it is not disputed that petitioner's General Municipal Law § 207-c benefits were suspended prior to the conclusion of the disciplinary hearing. As such, Supreme Court properly granted the petition and directed respondents to restore the illegally withheld benefits. Respondents do not dispute the pre-deprivation hearing requirement, but now argue that Supreme Court "misappl[ied]" the unclean hands doctrine and should have dismissed the petition based on petitioner's misconduct. We do not agree. The unclean hands doctrine applies where "the [petitioner] is guilty of immoral, unconscionable conduct and even then only when the conduct relied on is directly related to the subject matter in litigation" (National Distillers & Chem. Corp. v Seyopp Corp., 17 NY2d 12 [1966] [internal quotation mark and citation omitted]; see 55 NY Jur 2d Equity § 98). Here, as stated, the subject matter of the proceeding was whether respondents provided petitioner the process he was due prior to terminating his statutory benefits, not whether he was entitled to the benefit. Indeed, in this proceeding, petitioner has only challenged the withholding of benefits during the pendency of the disciplinary hearing, not his termination. Even where, as here, there is a finding that an officer is terminated for misconduct, there is no legal authority to recoup the payments made prior to such finding (see Matter of Park v Kapica, 8 NY3d at 312). Because we do not believe that petitioner was perpetuating any fraud or committing a wrongdoing by asserting his right to notice and an opportunity to be heard pursuant to the General Municipal Law and the NY Constitution, we agree with Supreme Court that the unclean hands doctrine does not apply (see id.; Matter of Tafnet Realty Corp. v New York City Dept. of Bldgs., 116 Misc 2d 609, 612-613 [1982]).

Finally, it is not disputed that the Sheriff removed petitioner from the payroll when he served petitioner with the

Civil Service Law § 75 notice of disciplinary charges on November 25, 2013, returned him to the payroll on January 28, 2014, then removed him again on February 12, 2014.  Pursuant to an agreement dated December 5, 2013, made in response to petitioner's request, the parties agreed to adjourn the disciplinary hearing initially scheduled for December 6, 2013 within the notice of disciplinary charges.  In return, petitioner acknowledged that he could be suspended without pay for up to 30 days under the Civil Service Law (see Civil Service Law § 75 [3]), and until the hearing resumed in January 2014.  Respondents contend that, based on the December 5, 2013 agreement and petitioner's claim for relief, Supreme Court awarded excessive damages.  We disagree.  General Municipal Law § 207-c benefits are not wages (see Matter of Lynch v South Nyack/Grand View Police Dept., 276 AD2d 63, 65 [2000]) and, by the agreement, petitioner did not concede or otherwise relinquish his benefit rights pursuant to General Municipal Law § 207-c.  Under the circumstances, we discern no error in Supreme Court's determination that reimbursement of the improperly withheld benefits was just and proper relief (see Matter of Kempkes v Downey, 53 AD3d at 549; Matter of Dacey v County of Dutchess, 121 AD2d at 538; Matter of Hodella v Chief of Police of Town of Greenburgh, 73 AD2d at 968).

Lahtinen, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court