Matter of Babcock v Village of Walton (2025 NY Slip Op 05734)

Matter of Babcock v Village of Walton

2025 NY Slip Op 05734

Decided on October 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 16, 2025

CV-24-1563
[*1]In the Matter of Frederick Babcock, Appellant,
v
Village of Walton et al., Respondents.

Calendar Date:September 2, 2025

Before:Garry, P.J., Pritzker, McShan, Powers and Mackey, JJ.

The Tuttle Law Firm, Clifton Park (James B. Tuttle of counsel), for appellant.
Bond, Schoeneck & King, PLLC, Syracuse (Angelo D. Catalano of counsel), for respondents.

Mackey, J.
Appeal from a judgment of the Supreme Court (Brian Burns, J.), entered August 30, 2024 in Delaware County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's application for disability benefits under General Municipal Law § 207-c.
In October 2021, petitioner, a police officer for respondent Village of Walton, responded to an emergency welfare call that culminated in a confrontation during which petitioner fatally shot an individual. Petitioner was thereafter placed on administrative leave pending an investigation, but he returned to work in late January 2022 after being cleared of any wrongdoing. In April of that same year, petitioner left work on sick leave after disclosing concerns regarding his mental health to the Chief of Police. Petitioner thereafter began meeting with a clinical social worker and, on June 29, 2022, he was diagnosed with posttraumatic stress disorder (hereinafter PTSD) stemming from the October 2021 incident. A few days later, petitioner sought the Chief's guidance about applying for General Municipal Law § 207-c disability benefits. Per the Chief's instructions, petitioner promptly submitted various supporting documentation and, on July 18, 2022, he submitted his completed application for benefits. Respondent Edward Snow, the Mayor of the Village, acknowledged receipt of petitioner's application but denied it as untimely under the applicable collective bargaining agreement (hereinafter CBA), which required that such be made within 10 business days of when petitioner reasonably should have known of the illness or injury giving rise to his claim.
Petitioner challenged the denial of his application through the CBA's grievance process, and an arbitration hearing was held. Following the hearing, the arbitrator issued a written recommendation that the Village exercise its discretion under the CBA to overlook any untimeliness in petitioner's application and grant him General Municipal Law § 207-c disability benefits. Respondents rejected the recommendation and, in a final determination, denied petitioner's application. Petitioner commenced this CPLR article 78 proceeding challenging the determination, and respondents moved to dismiss the petition for failure to state a cause of action. Supreme Court, reaching the merits of the petition, found that respondents' determination was not improper and was supported by substantial evidence, and dismissed the petition. Petitioner appeals.
Preliminarily, we agree with petitioner that Supreme Court erred when it failed to transfer this proceeding to this Court for disposition pursuant to CPLR 7804 (g) (see CPLR 7803 [4]; Matter of Alverson v Albany County, 186 AD3d 956, 957-958 [3d Dept 2020], lv denied 36 NY3d 901 [2020]; see e.g. Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v County of Sullivan, 224 AD3d 972, 972 [3d Dept 2024]; compare Matter of Cornelius [*2]v City of Oneonta, 71 AD3d 1282, 1284 [3d Dept 2010]). "Under such circumstances, this [C]ourt is not bound by [Supreme Court's] findings and will treat the proceeding as if it had been properly transferred here initially" (Matter of Smith v Coughlin, 111 AD2d 503, 504-505 [3d Dept 1985] [internal quotation marks and citations omitted]; see Matter of Marinelli Constr. Corp. v State of New York, 200 AD2d 294, 296 [3d Dept 1994]).
Turning to the merits, General Municipal Law § 207-c is designed to afford a police officer who suffers a disabling injury in the line of duty the ability to continue to receive his or her full salary during the pendency of the disability (see General Municipal Law § 207-c [1]; see also Matter of Baker v Clinton County, 134 AD3d 1218, 1219 [3d Dept 2015]). "The statute is remedial in nature and intended to provide a benefit to law enforcement personnel and, as such, is to be construed liberally in favor of such personnel. Although the statute does not provide a procedure for applying for benefits thereunder, a benefits application process may be the subject of collective bargaining and/or local law" (Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v County of Sullivan, 224 AD3d at 972-973 [internal quotation marks and citations omitted]). Under the applicable CBA, an officer applying for disability benefits under General Municipal Law § 207-c must "make written notice and application for those benefits within ten (10) business days of when the police officer reasonably should have known that the illness or injury would give rise to the claim of entitlement to [said] benefits." Notwithstanding the CBA's further provision that the failure to satisfy this timeliness requirement precludes the award of General Municipal Law § 207-c benefits, the agreement provides that the Village has "the discretionary authority to excuse a failure to provide notice or file a report upon good cause shown."
"[J]udicial review of a determination made by an administrative agency following an evidentiary hearing is limited to consideration of whether the findings were supported by substantial evidence" (Matter of C & C Tobacco/Chuck's Gas Mart, Inc. v Tompkins County Whole Health, 233 AD3d 1237, 1238 [3d Dept 2024]; see CPLR 7804 [g]). Although the substantial evidence standard is "a minimal one" (Matter of Rice v New York State Gaming Commn., 217 AD3d 1098, 1101-1102 [3d Dept 2023] [internal quotation marks and citations omitted]), it "nevertheless requires more than a mere scintilla and must reflect adequate relevant proof that a reasonable person would accept to support a conclusion" (Matter of Site Acquisitions v Town of New Scotland, 2 AD3d 1135, 1137 [3d Dept 2003]).
The salient facts at issue here are undisputed. Following the October 2021 fatal shooting incident, petitioner returned to work in a limited capacity in January 2022, and then to full patrol duties later that February. By April, petitioner expressed to the Chief that [*3]he did not "feel right" or "normal" while on duty and, as a result, he was permitted to take sick leave and encouraged to address his mental health concerns. While on sick leave, petitioner began meeting with a clinical social worker, referred to him through his union. On June 29, 2022, following several meetings, the social worker diagnosed petitioner with PTSD caused by the October 2021 incident. Initially, we are unpersuaded by respondents' argument that petitioner was or should have been aware of his mental health condition prior to his PTSD diagnosis. In this regard, petitioner became aware of his potential mental health concerns associated with the October 2021 incident only after having encountered certain firearms-related situations upon attempting to return to regular patrol duties at work. He thereafter sought treatment and, after receiving a diagnosis, promptly informed the Village of the same, through the Chief. The Village's assertion that petitioner should have realized, prior to his PTSD diagnosis, that the October 2021 shooting would give rise to a claim for General Municipal Law § 207-c benefits is based on pure speculation and is unsupported by substantial evidence. Accordingly, the timeliness of petitioner's application must be measured from the date of his diagnosis, June 29, 2022.
Three business days after his PTSD diagnosis, petitioner contacted the Chief by text message, requesting "to be placed out of work on 207-c due to complications that were a direct result of [the] fatal shooting." That same day, the Chief responded that he would advise the Village of his request. The following day, the Chief informed petitioner that, to start the benefits application process, he was required to submit a signed letter stating his request, as well as supporting medical documentation. On July 11, 2022, seven business days after being diagnosed with PTSD, petitioner provided both the signed letter and the social worker's medical report, as requested. The Village thereafter mailed petitioner its official General Municipal Law § 207-c benefits application, and petitioner submitted the completed application form on July 18, 2022, 12 business days following his diagnosis — two days beyond the CBA's 10-day submission period. The precise date that the Village mailed the application form is unclear — the most that can be discerned from the record is that it was mailed sometime on or after July 11, 2022. Similarly, it is unclear when petitioner received the form, but it may be presumed that it reached him within five days of mailing (see generally CPLR 2103 [b] [2]). Certainly, the Village must have been aware that mailing the form to petitioner at that time would render it virtually impossible for him to file it within the looming 10-day deadline. In any event, the Village suffered no prejudice from the minor filing delay, as the two-page application was merely a formalization of information that petitioner had already timely submitted within the [*4]CBA's 10-day period.
Upon this record, we wholeheartedly agree with the arbitrator that denying petitioner's application for General Municipal Law § 207-c disability benefits would be "a travesty," and further find that respondents' determination that petitioner had failed to demonstrate good cause for the minor delay in the submission of his form application is unsupported by substantial evidence (see Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v County of Sullivan, 224 AD3d at 973-974).
Garry, P.J., Pritzker, McShan and Powers, JJ., concur.
ORDERED that the judgment is reversed, with costs, determination annulled, petition granted and matter remitted to respondent Village of Walton for further proceedings not inconsistent with this Court's decision.